1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  MICHEL LABADIE,                        CASE NO. C09-1276MJP

11              Plaintiff,                 ORDER

12        v.

13  UNITED STATES OF AMERICA, et al.,

14              Defendants.

15

16          This matter comes before the Court on Plaintiff's motion for entry of default. (Dkt. No.

17  7.) The government's response includes a partial motion to dismiss. (Dkt. No. 11.) Plaintiff's

18  response to that motion included a motion to amend and a motion for extension of time. (Dkt.

19  No. 15.) Finally, the government filed a motion to amend its partial motion to dismiss. (Dkt.

20  No. 22). The Court has considered the motions, the responses, the replies, and all other pertinent

21  documents in the record. For the reasons set forth below, the Court (1) DENIES the motion for

22  entry of default, (2) GRANTS the motion to join, (3) GRANTS IN PART the partial motion to

23  dismiss, and (4) GRANTS the motions for leave to amend and to extend time for service.

24  \\

**Background**

Plaintiff Michel Labadie is a Canadian citizen who resides in British Columbia.  (Compl. ¶ 7.)  Defendants Edward Escobar, Isidoro Longoria, Eoin Martinez, David Decker, Jesse Cobb, Becky Elston, Jason Honi, Jeff Sterrit, and Eric Lehman (together "Individual Defendants") are either Custom and Border Patrol Officers or Immigration and Customs Enforcement Special Agents.  (Id. ¶¶ 9-10.)  The United States is also named as a defendant.  (Id. ¶ 8.)  Plaintiff alleges that, on September 9, 2006, Officer Escobar held Plaintiff's neck and punched him in the face.  (Id. ¶ 15.)   Plaintiff alleges causes of action for (1) illegal search and seizure in violation of the Fourth Amendment (id. ¶¶ 21-24), (2) invasion of privacy in violation of his Fifth Amendment right to Due Process (id. ¶¶ 25-29), (3) assault (id. ¶¶ 30-32), (4) defamation (id. ¶¶ 33-37), and (5) false light (id. ¶¶ 38-41).  Plaintiff moved for default and this Court issued an Order to Show Cause why default and default judgment should not be entered.  (Dkt. Nos. 7, 9.)

**Discussion**

I.      Motion for Entry of Default

Fed. R. Civ. P. 55(a) allows for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit . . . ."

First, as to the Individual Defendants, entry of default would be improper.  Rule 4(i)(3) provides that, to serve suit on an officer of the United States in his or her individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf, . . . a party must service the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  The complaint seeks to impose liability on these defendants in their individual capacities pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation, 403

ORDER- 2

1    U.S. 388 (1971).  (Compl. ¶ 3.)  Plaintiff concedes none of the Individual Defendants were

2    served pursuant to Rule 4(e) prior to Plaintiff's motion for default.  (See Dkt. No. 15.)  Thus,

3    default against the Individual Defendants would be inappropriate.

4           Second, the Court denies Plaintiff's request to enter default and default judgment against

5    Defendant the United States.  Under Fed. R. Civ. P. 4(i)(1), to serve the United States, a party

6    must either deliver a copy of the summons and complaint to the U.S. Attorney for the pertinent

7    district or mail a copy of the summons and complaint to that office's civil process clerk.  A

8    plaintiff must also send a copy by registered or certified mail to the Attorney General's office.

9    While a signed return of service "constituted prima facie evidence of valid service," a party

10   opposing default may overcome the presumptive validity of the return of service by "strong and

11   convincing evidence."  O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th

12   Cir. 1993).  Plaintiff has filed a declaration from David Schillen, who states he personally served

13   the United States at its offices in this Court's building on October 5, 2009, but has not filed a

14   proof of service.  (See Dkt. No. 6.)  The United States submits that neither its front desk clerk

15   nor its mail clerk received or logged receipt of the summons. (See Ung Decl. ¶¶ 3-5.)  A

16   "service of summons" directed to the United States Attorney and a blank proof of service form

17   was filed with the Clerk of the Court on October 5, 2009.  (See Dkt. No. 3.)   A plausible

18   explanation for the disparity between the two parties' positions is that the process server

19   delivered the summons to the Clerk of the Court, which is located in the same building at the

20   U.S. Attorney's office.  (Id.)  Otherwise, there would be no reason to file a blank proof of service

21   with the Court.  In any case, in the absence of an executed proof of service, the Court is not

22   persuaded that service was proper.  Entry of default would therefore be inappropriate.

23   \\

24

ORDER- 3

1      II.      Partial Motion to Dismiss/Motion to Amend

2           Defendant moves to dismiss certain allegations against the United States and the

3    Individual Defendants seek to join the motion.  (Dkt. Nos. 11, 22.)  Before turning to the

4    appropriateness of dismissal, the Court addresses the issue of joinder.

5           a.   Joinder

6           The Court grants Defendants' motion for leave to amend its partial motion to dismiss in

7    order to join the Individual Defendants.  (Dkt. No. 22.)  The Individual Defendants' joinder does

8    not change the substance of the underlying motion, nor does it influence the Court's analysis of

9    the motion.

10          b.   Dismissal of Allegations Against the United States

11          Defendant the United States moves to dismiss Plaintiff's first, second, fourth, and fifth

12   claims against the government.  (Dkt. No. 11 at 6.)  The Federal Tort Claims Act, 28 U.S.C.

13   §§1346(b), 2671-80, provides a limited waiver of the government's sovereign immunity.  The

14   FTCA does not waive sovereign immunity for suits arising out of "constitutional torts."  See

15   Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir. 1994).  Similarly, § 2680(h) codifies a

16   "libel/slander exemption" from the waiver of sovereign immunity.  See Edmonds v. United

17   States, 436 F. Supp. 2d 28, 35 (D.D.C. 2006). Plaintiff frames his first and second causes of

18   action as constitutional torts and, accordingly, the United States must be dismissed from these

19   claims.  (See Compl. ¶¶ 1, 3, 8, 10.)  Plaintiff's fourth and fifth causes of action, for defamation

20   and false light, are barred by § 2680(h) to extent they name the United States as a defendant.

21   The Court grants Defendants' partial motion to dismiss and dismisses the United States as a

22   defendant in the first, second, fourth, and fifth causes of action.  Dismissal of the United States

23

24

1    as a defendant, of course, has no bearing on the merits of these claims against the Individual

2    Defendants.

3       III.      <u>Motion for Extension of Time/Motion to Amend</u>

4       Plaintiff requests additional time to serve the Defendants pursuant to Fed. R. Civ. P. 4(m)

5    and to amend his complaint. (Dkt. No. 15.) Defendant opposes both requests and suggests the

6    Court should sua sponte dismisss the suit pursuant to Rule 4(m). Because the Court favors

7    decisions on the merits, the Court grants both of Plaintiffs' requests.

8       The Court may extend the time for service of process even when good cause is not

9    shown. <u>See</u> 1-4 <u>Moore's Federal Practice – Civil</u> § 4.83 (citing <u>Henderson v. United States</u>, 517

10    U.S. 654, 662-63 (1996)). In the Court's view dismissal of the suit without prejudice to re-file

11    would simply delay the proceedings unnecessarily. The Individual Defendants have now been

12    served and an attorney has appeared on their behalf, so the Court need not set a prospective

13    deadline for service. (<u>See</u> Dkt. No. 22.)

14       Further, under Fed. R. Civ. P. 15(a)(2), the Court grants leave to amend pleadings "when

15    justice so requires." The Court will therefore allow Plaintiff to amend his complaint.

16    \\

17    \\

18    \\

19    \\

20    \\

21    \\

22    \\

23    \\

24

1

**Conclusion**

2

Within twenty (20) days of this Order, Plaintiff shall file an amendment complaint that

3

comports with the rulings outlined above.  The Court DENIES Plaintiff's motion for default, but

4

GRANTS Plaintiff's motion to extend the time for service and GRANTS Plaintiff's motion to

5

amend.  The Court GRANTS Defendants' partial motion to dismiss.  The Clerk shall transmit a

6

copy of this Order to all counsel of record.

7

Dated this 18th day of August 2010.

8

9

Marsha J. Pechman
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24